Antonio Guijarro Cobián, demandante, contrademandado y apelante *v.* Otilia Lluberas Negroni, demandada, contrademandante y apelada.

Núm. 7327.—*Sometido:* Noviembre 2, 1936. *Resuelto:* Diciembre 11, 1936.

*Ismael Soldevila,* abogado del apelante; *M. Marcos Morales,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante Antonio Guijarro Cobián entabló demanda contra su esposa por abandono. Finalmente, y luego de algunos procedimientos preliminares, la demandada Otilia Lluberas Negroni radicó contrademanda por abandono de ella por su marido y trato cruel. Antes del juicio el letrado del demandante se retiró del caso y el día de la vista se oyó prueba sin la comparecencia del demandante y sin estar asistido por abogado. No hay indicación en los autos al efecto de que el demandante no pudo comparecer bien personalmente o por letrado. La corte declaró sin lugar la demanda y dictó sentencia en favor de la contrademandante por ambos motivos. El demandante apeló y tenemos ante nos una moción para desestimar el recurso por frívolo.

Anteriormente se presentó una moción similar, que fué denegada para aquel entonces porque no teníamos la debida transcripción a la vista. Esta deficiencia ha sido corregida por el apelante mismo y el fiscal de este Tribunal ha presentado su informe sobre toda la transcripción.

El apelante se opone a la desestimación, fundándose primeramente en que hubo colusión entre las partes. Para justificar su posición llama nuestra atención hacia el

hecho de que ambas partes dieron ciertos pasos con extrema rapidez, más la rapidez de acción no es necesariamente inconsistente con la falta de colusión. El demandante pudo haber creído que su caso no tenía remedio o algo así, pero independientemente de los motivos que pudo haber tenido para no dar ningún paso activo en defensa de su caso, no ha demostrado, según le incumbe, que en realidad hubo colusión. Nada hay en los autos que nos convenza de tal colusión y el apelante no podría ser ayudado a este respecto por una vista final sobre los méritos.

■■ El demandante ataca la suficiencia de la contrademanda. Su teoría es que la contrademandante debió haber alegado que su marido la abandonó más de un año antes de la radicación de la demanda. La alegación de la contrademanda es al efecto de que el apelante abandonó a la contrademandante hace más de un año con anterioridad a la radicación de la contrademanda. Esta expresión de ''hace más de un año'' es consistente con un período de más de un año anterior a la radicación de la demanda. El demandante pudo haber solicitado en la corte inferior que se hiciera más específica la contrademanda. En ausencia de ello estamos convencidos de que la prueba aducida durante el juicio tendió a demostrar que el abandono por parte del marido realmente tuvo lugar más de un año antes de la presentación de la demanda. Así pues, la falta de especificación en la contrademanda podría ser considerada como subsanada. En verdad es enteramente claro que cada una de las partes en este caso confiaba en el mismo período de tiempo en que se separaron. En otras palabras, mientras la demanda alega el abandono en una época anterior, la contrademandante adujo prueba tendente a demostrar que el supuesto abandono en que se basaba el demandante fué causado por sus propios actos y no por los de ella. Creemos que es una inferencia lógica que las partes en sus alegaciones o en otra forma se referían a la misma fecha.

La contrademandante admitió que ella dejó el domicilio conyugal pero la teoría de su caso fué que se vió precisada a abandonarlo por los actos del marido. El apelante sostiene que las alegaciones relativas a su abandono implícito debieron haber sido más específicas. Ésta es otra cuestión que pudo ser atacada mediante la debida moción en la corte inferior y que puede ser considerada como subsanada durante el juicio.

En lo que respecta a la causa de acción por trato cruel, el apelante alegó asimismo que ésta no era lo suficientemente específica e insiste en que la contrademanda debió haber contenido la alegación de que los actos de crueldad cometidos contra la esposa lo fueron sin provación por parte de ella. Sin embargo, nos inclinamos fuertemente al criterio de que tal alegación sería más propiamente una cuestión de defensa. En otras palabras, un demandado debe demostrar y por ende alegar, que los supuestos actos de crueldad fueron provocados por la otra parte. El apelante cita autoridades en sentido contrario, más la política general en esta jurisdicción es no requerir al demandante que anticipe materias de defensa. Además, esta objeción al igual que las anteriores faltas de ser más específicas, podían ser y fueron subsanadas por la prueba aducida durante el juicio. De igual modo, cualquier duda relativa a la suficiencia de la contrademanda a este respecto no podría afectar la sentencia, toda vez que la misma podía ser confirmada por la causal de abandono solamente.

El apelante nos pide que consideremos los errores cometidos durante la presentación de la prueba. El menos importante fué que la corte permitió preguntas sugestivas. Esto es de ordinario cuestión que cae dentro de la sana discreción de la corte. El principio de que toda presunción está en favor de lo correcto de una sentencia comprende el caso en que la corte ejercía su discreción para admitir preguntas sugestivas (*leading questions*).

Las otras objeciones se refieren a la suficiencia de la prueba en general y especialmente al trato cruel.

Si bien la prueba podría ser más fuerte, ella tendió a demostrar que el trato cruel por parte del marido obligó a la esposa a abandonar el domicilio común y a regresar al de sus padres, y la corte la creyó. La suficiencia de la prueba para sostener la sentencia queda ratificada por el informe del fiscal.

No hallamos razón alguna para dar al caso mayor consideración mediante una vista en los méritos, y *la moción para desestimar el recurso por frívolo debe prevalecer.*

Los Jueces Señores Presidente del Toro y Asociado Hutchison no intervinieron.